## Commonwealth v. Copley et ux.

*School law—Attendance—Conviction of parents—Summary conviction—Justice of the peace—School Code—Act of May 18, 1911, P. L. 309—Misdemeanor—Constitutional law.*

1. Summary conviction of parents charged with failure to send their children to school will be sustained, although the act defines the offense as a misdemeanor.
2. Such parents do not have, under the Constitution, the right of trial by jury.

*School law—Transportation of children—School Code.*

3. Proper free transportation of pupils to a public school from their home does not mean all the way.
4. Where a child is required to walk only four-tenths of a mile from his home to a shelter and is transported the rest of the way, it is immaterial that the distance from his home to the school is more than two miles.

Appeal from summary conviction. Q. S. Tioga Co., Sept. T., 1927, No. 42.

*Rockwell & Rockwell*, for Commonwealth.

*Chester H. Ashton*, for defendants.

MARSH, P. J., Jan. 18, 1928.—The defendants were summarily convicted of violation of the school law in neglecting, for three successive days, without excuse, to send their son, Chauncey Copley, a child of twelve years, to school after due notice of their delinquence.

An appeal was allowed, and the defendants asked for a reversal of the justice's decision, alleging:

1. That the act under which the conviction was had makes the offense a misdemeanor, and, therefore, the defendants have a constitutional right to a trial by jury, and the justice was without jurisdiction; and

2. The defendants live more than two miles from the school by the nearest traveled road, and the transportation furnished for the pupil in question, under which he is required to walk four-tenths of a mile to a shelter, is not the proper free transportation to and from school which the law requires as a condition precedent to support a conviction for this offense.

The first reason alleged in support of a request for reversal is based on the claim that in all cases of misdemeanor the offender must be proceeded against by indictment in a court of record and tried by a jury of his peers. A technical significance is attributed to the word "misdemeanor" which would exclude offenses so designated from the established class cognizable by jus-

tices, magistrates and aldermen. This claim cannot be sustained. We do not have in this State the classification of misdemeanors which obtains in some jurisdictions, under which petit misdemeanors are cognizable by justices of the peace, and more serious misdemeanors by the courts of record; but without that formal division we apply the reason which it illustrates.

Our Constitution, in section 14 of article v, recognizes summary convictions and prescribes the method of appeal. And this section has been construed by the Supreme Court.

In Com. v. Waldman, 140 Pa. 89, a case elaborately argued, the court said: "Article v, section 14, of the Constitution of 1874, which permits appeals in all cases of summary conviction or in actions for penalties before a magistrate or a court not of record, upon the allowance of the appellate court or a judge thereof, is not restricted to such cases as were without the right of appeal prior to the adoption of the Constitution, but it embraces all appeals from judgments for penalties or of summary conviction.

"Article I, section 6, of the Bill of Rights, which declares that 'trial by jury shall be as heretofore, and the right thereof remain inviolate,' is not inconsistent with section 14 of article v of the Constitution, relating to appeals in cases of judgments for penalties and of summary convictions."

In the course of its opinion, the court said: "When the legislature shall decide that in every case of a petit summary conviction the defendant shall have the right to a jury trial, they will probably say so in language too clear to be misunderstood."

The legislation which defined as a misdemeanor the failure to observe the compulsory feature of the school law specifically provided for trial of the offense by a justice of the peace, magistrate or alderman, and then for appeal to the Court of Quarter Sessions. The jurisdiction conferred on the inferior courts, and the procedure provided, clearly establishes the purpose of the legislature to classify this offense as one to be punished summarily; and a description of it as a misdemeanor does not enlarge the offense and should not be construed to change the incidents of trial.

The defendants further contend that as the pupil whose non-attendance is in question lives more than two miles from school by the nearest traveled road and free transportation was not furnished from his home to the school, the conviction cannot stand.

Section 1408 of the School Code provides, in part, as follows: "The free transportation of pupils as required or authorized by this act may be furnished by using electric railways, school conveyances or other public transportation, when the total distance which any pupil must travel between his residence and the school, in addition to such transportation, does not exceed one and one-half miles and when stations or other proper shelters are provided for the use of such pupils where needed."

It was admitted that in this case the child was required to walk only fourtenths of a mile to a farm-house shelter arranged for; but it was argued that the strict construction appropriate to prosecutions of this kind required the interpretation that proper free transportation to and from the public schools meant all of the way.

The act having definitely stated what the free transportation required or authorized by the Code should be, the contention of the defendants cannot prevail.

And now, Jan. 18, 1928, the conviction and sentence appealed from are affirmed.

From G. Mason Owlett, Wellsboro, Pa.